**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4359**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MIGUEL RODRIGUEZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Timothy M. Cain, District Judge.
(8:14-cr-00401-TMC-1)

_____

Submitted:  December 22, 2015      Decided:  January 5, 2016

_____

Before KING and SHEDD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Rodriguez pleaded guilty to assault of a corrections officer in violation of 18 U.S.C. § 111(a) (2012). The district court sentenced Rodriguez to 37 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court committed procedural error by failing to adequately explain the sentence imposed. Rodriguez was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

This court reviews the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We review the procedural and substantive reasonableness of the sentence. Id. at 51. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

Only if the sentence is free of "significant procedural error" does the court review the substantive reasonableness of the sentence, accounting for "the totality of the

2

circumstances." Gall, 552 U.S. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable; this presumption is rebutted only by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014).

We have reviewed the record and conclude that the district court correctly calculated the Guidelines range, treated the Guidelines as advisory only, and did not rely on erroneous facts in determining the sentence imposed. The district court considered all of the § 3553(a) factors and thoroughly discussed the factors that were relevant to Rodriguez's case. Because the district court imposed a sentence within the Guidelines range and addressed the relevant § 3553(a) factors, we conclude that the district court did not abuse its discretion or fail to adequately explain the reason for its sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rodriguez's conviction and sentence. This court requires that counsel inform Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED